UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA,       )
                                )
        Plaintiff,              )
                                )
v.                              )     No.  4:15-CR-00488-ERW (SPM)
                                )     **FILED UNDER SEAL**
BRIAN DUESENBERG,               )
                                )
        Defendant.              )


## GOVERNMENT'S SENTENCING MEMORANDUM

Comes now the United States of America, by and through its attorneys, Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Colleen Lang, Assistant United States Attorney for said District, and files its sentencing memorandum:

On July 25, 2016, the Defendant pled guilty to three counts of Possession of Child Pornography.  The parties agreed that the Total Offense Level was twenty-eight (28).  Either party may ask for a sentence that is above or below the guideline range in this case.

The Government respectfully requests that the Court sentence the defendant to a sentence of seventy-eight (78) months in prison.  This sentence is within the applicable guideline range.

**A.     The Nature and Circumstances of the Offense**

The nature and circumstances of the offense are as follows:

On February 5, 2012, Sergeant Adam Kavanaugh of the St. Louis County Police Department was conducting an online search of computers possessing child pornography on peer-to-peer networks.  He noticed that the defendant's IP address was in possession of child

1

pornography.  Then, on February 8, 2012, the same IP address was observed again by Sgt.

Kavanaugh to possess file names indicative of child pornography. Specifically, Sgt. Kavanaugh

saw that a computer, at the defendant's IP address, which contained videos of minor

prepubescent children engaged in sex acts.

 Based upon that information, a valid state search warrant was executed on the

defendant's home on April 9, 2012.  The defendant was home with his roommate at the time of

the search warrant.  The defendant spoke with a police detective in his car after being read

*Miranda.*   The defendant told the detective that the child pornography would be located on a

laptop by his bed.  The defendant's computers and computer-related equipment was seized and

taken to the Missouri State Technical Assistance Team where computer forensic expert examiner

Cory Stoff analyzed it.  Forensic Examiner Stoff found 263 videos of child pornography and 77

images of child pornography on the defendant's computers and hard drives. All of these images

and videos were received through the Internet.  Many of these images and videos were of

prepubescent minor children engaged in sexually explicit conduct, and some portrayed sadistic

or masochistic conduct, or other depictions of violence.  Some of the videos and images of child

pronogprahy included bondage and bestiality.

## B.    History and Characteristics of the Defendant

According to the Pre-Sentence Investigation report the defendant grew up in a family that

always provided for him. There is no indication in the presentence report that the defendant

suffered any physical or sexual abuse in his formative years.

As the case is charged, the defendant's Total Offense Level for these crimes is twenty-

eight (28). Either party may request a sentence above or below the U.S. Sentencing Guidelines

2

range.  In making a fair recommendation to the Court, the government has considered all of the material presented by defense counsel and has reviewed the evidence in this case.

Based on the information provided in the Pre-Sentence Report and the evidence gathered in this case, the government is recommending to the Court that seventy-eight (78) months imprisonment is an appropriate sentence.

**C.**     **Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense**

Possessing images of the sexual abuse of children is a serious offense and the guidelines reflect the seriousness of the crime.  Too often child pornography is considered to be "just pictures" without the recognition that they are images of children being sexually abused and those images are then trafficked around the world on the internet.  Even when the perpetrator of the original abuse is imprisoned, the images of the child's sexual abuse continue to be traded. The child's abuse never ends because the images of the abuse are present in hundreds of locations.  *See United States v. Miller*, 665 F.3d 114, 123 (5th Cir. 2011).  The Court in *Miller* wrote:

> "The district court in this case was cognizant of the undeniable fact that real children are actually being abused and violated when pornographic images are made. Without a market for such images, and without a strong appetite for more and more images exhibited by Miller and similarly situated defendants, there would be far fewer children who are injured and criminally assaulted in this way. If a handful of pornographic images taken twenty years ago were sufficient to satisfy the perverse desires of those who possess and traffic in child pornography, we would not have the huge industry that exists internationally today. No other child would be raped or sodomized or otherwise violated to produce pornographic images. Tragically, the reality is that there is a huge demand for "fresh" faces and images."

Most recently in *United States v. Paroline*, 134 S. Ct. 1710 (2014), the Supreme Court explained:

"The demand for child pornography harms children in part because it drives production, which involves child abuse.  The harms caused by child pornography, however, are still more extensive because child pornography is 'a permanent record' of the depicted child's abuse, and 'the harm to the child is exacerbated by [its] circulation."  *Id*. at 1716-17.

As this Court is aware, child pornography depicts real children being abused.  One need only to read these children's victim impact statements to understand the horror of their past abuse and continuation of abuse by individuals trafficking and possessing child pornography.  Three of these victims have requested restitution.

Further, the defendant's collection of child pornography contained horrific images of children being sexually abused.  For example, the defendant possessed a video of a prepubescent minor female child bound with ropes while performing oral sex on a male and then a dog.  Another video in his collection depicted a prepubescent minor female child bound with ropes and blindfolded while a dog licks her genitals.  Defendant knowingly collected and possessed more than fifteen thousand images of child pornography where each video is considered to be equivalent of 75 images.

Due to the number of images in the defendant's child pornography collection and the nature of the images the defendant possessed, the government believes imprisonment for at least seventy-eight (78) months is appropriate in this case.

**D.     To Afford Adequate Deterrence to Criminal Conduct and  To  Protect the Public from Further Crimes of the Defendant**

Reasonable yet firm sentences are necessary in these cases to reduce or eliminate the market for child pornography and to protect children from becoming victims to feed that market.  As this Court is aware, and as is reflected in the number of cases occurring in this District alone, the number of child pornography cases has increased significantly over the last several years.

Firm prison sentences are necessary to deter the downloading, viewing, possessing, collecting, and trading of child pornography.

A sentence of seventy-eight (78) months imprisonment followed by a term of life on supervised release serves as a just deterrent for criminal conduct for this particular defendant.  It also reasonably assures to protect the public from any further crimes.

**<u>Conclusion</u>**

The Government is requesting that the Court stay within the defendant's Total Offense Level and sentence the defendant to seventy-eight (78) months in prison.

Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney

  *s/ Colleen C. Lang*
COLLEEN C. LANG, #56872MO
Assistant United States Attorney
111 S. 10th Street, Room 20.333
St. Louis, Missouri 63l02
(314) 539-2200

5

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2016, the foregoing was filed electronically with the Clerk of the Court to be served by email upon the following:

Adam Fein
Attorney for the Defendant


*s/ Colleen C. Lang*
COLLEEN C. LANG, #56872MO
Assistant United States Attorney

6